IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **PATRICIA GRESS, DBA GARZA'S RECEPTION HALL INC.,** | § § § § | |
| *Plaintiff*, | § | |
| v. | § § | Case No. 4:19-cv-4542 |
| **INTERSTATE FIRE AND CASUALTY COMPANY and RANDY JOHNSON** | § § § § | |
| *Defendants*. | § § § | |

## NOTICE OF REMOVAL

Defendant Interstate Fire & Casualty Company ("Interstate Fire") files this Notice of Removal pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 and would show the Court as follows:

### I.  COMMENCEMENT AND SERVICE

On July 25, 2019, Plaintiff, Garza's Reception Hall, Inc., commenced this action against Defendants by filing Original Petition with a Jury Demand, Requests for Disclosure and Discovery Requests (the "Petition") in the 234th District Court of Harris County, Texas (the "State Court"). The action in the State Court is proceeding as Cause No. 201950956 (the "State Court Action").

Defendant Interstate Fire was served with Plaintiff's Original Petition through its registered agent for service of process on August 12, 2019. Defendant Randy Johnson was identified as an individual residing and domiciled in Texas in Plaintiff's Original Petition; Defendant Johnson was not served Plaintiff's Original Petition. Plaintiff then filed its First Amended Petition on October 4, 2019, adding an additional claim under the Texas Deceptive Trade Practices Act, and still identifying Defendant Johnson as an individual residing and

domiciled in Texas. Defendant Johnson was not served Plaintiff's First Amended Petition.

Notably, Plaintiff's claims were not removable when this lawsuit was originally filed because the parties were not diverse since Defendant Johnson was presumed to be an individual residing and domiciled in Texas. However, on November 11, 2019, Plaintiff filed its Second Amended Petition. As set forth therein, Plaintiff – for the first time – identified Defendant Johnson as an individual residing and domiciled in the state of Oklahoma. Therefore, the parties are now completely diverse. Further, as alleged in Plaintiff's Original, First, and Second Amended Petition, Plaintiff seeks monetary relief over $100,000 but not more than $200,000. The Second Amended Petition was the first document filed with the State Court indicating that this action was removable. 28 U.S.C. §1446(b)(3); *Crockett v. R.J. Reynolds Tobacco Co.*, 436 F.3d 529, 532 (5th Cir. 2006) ("If an action is not initially removable, but later becomes removable, a notice of removal may be filed within thirty days after receipt by the defendant of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of [diversity of citizenship] more than one year after commencement of the action").

Defendant Interstate Fire timely files this Notice of Removal within thirty (30) days after receiving a copy of the Second Amended Complaint and acceptance of service, from which it was ascertained that the case is one that is removable pursuant to 28 U.S.C. §§ 1332(a). This Notice of Removal is also filed within one year of the commencement of this action and is thus timely pursuant to 28 U.S.C. § 1446(c).

## II.     GROUNDS FOR REMOVAL

Defendant Interstate Fire is entitled to remove the entire State Court Action to this Court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 because this action is a civil action involving an

amount in controversy exceeding $75,000 between parties of diverse citizenship.

Further, removal of the State Court Action to this Court is proper under 28 U.S.C. §1441(a) because this Court's district and division embraces the State Court and its territorial boundaries.

Plaintiff is an individual that is domiciled in Harris County, Texas. For purposes of diversity jurisdiction, Plaintiff is a citizen of Texas.

Defendant Interstate Fire is an insurance company incorporated under the laws of Illinois, with its principal place of business in Chicago, Illinois. For purposes of diversity jurisdiction, Interstate Fire is a citizen of Illinois.

Defendant Johnson is an individual that is domiciled in Custer County, Oklahoma. For purposes of diversity jurisdiction, Johnson is a citizen of Oklahoma.

No change of citizenship has occurred since commencing the state court action. Accordingly, diversity of citizenship exists among the parties.

Plaintiff alleges that it seeks monetary relief of over $100,000.00 but not more than $200,000.00. Exhibit K, ¶40 (Plaintiff is seeking monetary relief over $100,000 but not more than $200,000"). Accordingly, Plaintiff's Second Amended Complaint establishes that the total amount in controversy in the action exceeds the sum of $75,000.00 and this Court has jurisdiction under 28 U.S.C. §1332.

### III.   VENUE

Venue lies in the Southern District of Texas, Houston Division, pursuant to 28 U.S.C. §§1441(a) and 1446(a) because Plaintiff initiated this matter in this judicial district and division

### IV.   CONSENT TO REMOVAL

Consent of Defendant Randy Johnson Defendant is not necessary because he has not been properly served. 28 U.S.C. §1446(b)(2)(A). *See* Exhibit J. As such, all Defendants who

have been served and answered consent to removal.

## V. NOTICE

Interstate Fire will give notice of the filing of this notice of removal to all parties of record pursuant to 28 U.S.C. §1446(d).

Interstate Fire will also file with the clerk of the state court, and will serve upon all counsel of record, a notice of the filing of this Notice of Removal

## VI. JURY DEMAND

Plaintiff demands a trial by jury in the state-court suit.

## VII. EXHIBITS TO NOTICE OF REMOVAL

In accordance with 28 U.S.C §1446(a), this Notice of Removal is accompanied by copies of all process, pleadings and orders served upon Defendants or filed in the State Court action. The following documents are attached to this Notice of Removal as correspondingly lettered exhibits:

- Exhibit A:   Request for Issuance of Service to Interstate Fire and Casualty Company
- Exhibit B:   Request for Issuance of Service to Randy Johnson
- Exhibit C:   Plaintiff's Original Petition
- Exhibit D:   Citation Served on Interstate Fire and Casualty Company
- Exhibit E:   Answer filed by Defendant Interstate Fire and Casualty Company
- Exhibit F:   Docket Control Order
- Exhibit G:   Plaintiff's Motion to Compel Mediation
- Exhibit H:   Defendant Interstate Fire and Casualty Company's Objections to Plaintiff's Motion to Compel Mediation
- Exhibit I:   Plaintiff's First Amended Petition
- Exhibit J:   Request for Issuance of Service to Randy Johnson

Exhibit K:	Plaintiff's Second Amended Petition

Exhibit L:	State Court Docket Sheet

## VIII.	CONCLUSION

Defendant Interstate Fire, pursuant to the statutes cited above and in conformity with the requirements set forth in 28 U.S.C. §1446, removes this action from the State Court to this Court.

Dated: November 19, 2019

Respectfully submitted,

MCDOWELL HETHERINGTON LLP

By: _____
David T. McDowell
***Attorney-in-Charge***
State Bar No. 00791222
Federal I.D. No. 18464
Erica E. M. Fauser
State Bar No. 24105850
Federal I.D. No. 3442670
1001 Fannin Street, Suite 2700
Houston, Texas 77002
Telephone:  713-337-5580
Facsimile:   713-337-8850
Email: david.mcdowell@mhllp.com
Email: erica.fauser@mhllp.com

*Attorneys for Defendant*
INTERSTATE FIRE AND CASUALTY COMPANY

## CERTIFICATE OF SERVICE

  I certify that on November 19, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record. In addition, the following have been served by US mail:

Matthew M. Zarghouni
Z<small>AR</small> L<small>AW</small> F<small>IRM</small>
3900 Essex Lane, Ste. 1011
Houston, Texas 77027
Telephone:  (346) 980-6600
Facsimile: (281) 883-3150
Email: matt@zar-law.com

*Attorney for Plaintiff*